Not for Publication

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ADRIAN LIZANDRO LOJANO NAULA,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY KRISTI NOEM, *et al.*,<br><br>Respondents. | Civil Action No.: 25-16700 (ES)<br><br>ORDER |

**SALAS, DISTRICT JUDGE**

It appearing that:

1. Petitioner Adrian Lizandro Lojano Naula ("Petitioner"), through counsel, submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (D.E. No. 1 ("Petition" or "Pet.")). According to the Petition, Petitioner is confined as an immigration detainee at the Delaney Hall Detention Facility in Newark, New Jersey. (*Id.* ¶ 4). Petitioner asks the Court to enter an order to show cause ("OTSC") requiring Respondents to show cause why a writ of habeas corpus should not be granted within three days and setting a hearing on the Petition within five days of the return, as required by 28 U.S.C. § 2243. (*Id.* at 30).

2. Section 2243 provides in relevant part that "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the

---

[1] Petitioner names as respondents Krisi Noem, in her capacity as Secretary of the United States Department of Homeland Security; Cory Chu, Acting Field Director of New Jersey, Immigration and Customs Enforcement, in his official capacity; and Pamela Bondi, in her official capacity as the Attorney General of the United States ("Respondents"). (Pet. at 1 ¶¶ 5–7).

application that the applicant or person detained is not entitled thereto." Under this statutory provision, "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." However, "[t]hat statute . . . is 'not the only statute governing a habeas petition.'" *Schumaker v. Knight*, No. 23-20834, 2024 WL 866347, at *1 (D.N.J. Feb. 29, 2024) (quoting *Iremashvili v. Rodriguez*, No. 15-6320, 2017 WL 935441, at *2 (D.N.J. Mar. 9, 2017)). Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"), applicable to 28 U.S.C. § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, "provides the Court an alternative procedure, one that takes priority over the requirements of 28 U.S.C. § 2243." *Id.*; *see also Iremashvili*, 2017 WL 935441, at *2–4 (explaining that, as a procedural rule subsequently adopted by the Supreme Court and approved by Congress, Rule 4 supersedes § 2243).

3. Under Rule 4, the Court must promptly examine the Petition to determine whether it should be dismissed on the grounds that "it plainly appears from the petition and any attached exhibits that the petitioner is entitled to relief." "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 4(b).

4. This Court has screened the Petition for dismissal pursuant to Rule 4, and has determined that dismissal without an answer and production of the record is not warranted.

For the foregoing reasons, and for good cause shown,

**IT IS** on this 21st day of October 2025,

**ORDERED** that Petitioner's request for an OTSC (*see* D.E. No. 1 at 30) is **DENIED;** and it is further

**ORDERED** that the Clerk of Court shall serve a copy of the Petition (D.E. No. 1) and this Order upon Respondents by electronic mail and regular U.S. Mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of Court shall forward a copy of the Petition (D.E. No. 1) and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within twenty-one (21) days of the date of entry of this Order, Respondents shall electronically file a full and complete answer to the Petition (D.E. No. 1), which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record; and it is further

**ORDERED** that Respondents shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within fourteen (14) days after the answer is filed; and it is further

**ORDERED** that within seven (7) days after any change in Petitioner's custody or immigration status (be it release or otherwise) occurring any time during the pendency of this case,

Respondents shall electronically file a written notice of the same with the Clerk of Court.

s/ *Esther Salas*  
**Esther Salas, U.S.D.J.**